# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BEVERLY A. MESTER<br>25110 Crosstie Trail<br>Columbia Station, Ohio 44028<br><br>    *Plaintiff,*<br><br>-vs-<br><br>McGRAW HILL LLC<br>c/o Cogency Global Inc.,<br>Statutory Agent<br>3958-D Brown Park Drive<br>Hilliard, Ohio 43026<br><br>    *Defendant.* | Case No.: _____<br><br>Judge _____<br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked under federal question jurisdiction provided under 28 U.S.C. §1331, in that Plaintiff's Complaint asserts violations of the Family and Medical Leave Act of 1993, 29 U.S.C. §2611, *et seq*., ("FMLA"). This Court also has supplemental jurisdiction over Plaintiff's state law statutory claims under 28 U.S.C. §1367.

2. Venue is proper in this Court under 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claims alleged occurred in the Southern District of Ohio.

## PARTIES

3. At all times relevant, Plaintiff Beverly A. Mester ("Ms. Mester") resided at 25110 Crosstie Trail, Columbia Station, Ohio and was employed by Defendant McGraw Hill LLC, which operates a facility located at 8787 Orion Place, Columbus, Ohio 43240.

4. At all times relevant, Defendant McGraw Hill LLC was a foreign limited liability company, formed in Delaware, and registered to do business in the State of Ohio. McGraw Hill is an educational publishing company providing for sale a variety of educational publications and is therefore engaged in commerce. McGraw Hill has employed 50 or more employees for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year in relation to the events alleged below.

## FACTUAL ALLEGATIONS

5. Ms. Mester had been employed by McGraw Hill for 13 years, from 2007 until her wrongful termination on or about October 8, 2020. Prior to her termination and for the 12 months preceding her request for leave under the FMLA, Ms. Mester worked full-time at or over 1,250 hours, as a Senior Sales Representative.

6. During her tenure at McGraw Hill, Ms. Mester had successfully performed her job duties and responsibilities.

7. On or about August 6, 2020, Ms. Mester advised McGraw Hill that she would need to apply for leave under the FMLA to obtain treatment for her disability, Generalized Anxiety Disorder. McGraw Hill's third-party administrator approved Ms. Mester's request for leave under the FMLA. Ms. Mester was on FMLA-approved leave

from on or about August 27, 2020 through on or about October 6, 2020. Ms. Mester was to return to work on or about October 7, 2020.

8. Four days after Ms. Mester started her leave, on or about August 31, 2020, her supervisor conducted a "review" of Ms. Mester's work performance, finding that she failed to meet expectations.

9. On or about October 6, 2020, Ms. Mester advised McGraw Hill that she required additional time off to treat her disability and requested an extension of her FMLA leave, which McGraw Hill's third-party administrator granted.

10. Two days later, on or about October 8, 2020, McGraw Hill terminated Ms. Mester.

## COUNTS I and II
## Violations of 29 U.S.C. §2611, *et seq.* – FMLA Interference and Retaliation

11. Ms. Mester reaffirms and realleges Paragraphs 1 through 10 of her Complaint as if fully rewritten herein.

12. At all times relevant to this Complaint, individuals acting on behalf of Defendant were agents and/or employees of Defendant. Defendant is liable for the unlawful acts of its agents and employees under the doctrine of *respondeat superior*.

13. Ms. Mester is an "eligible employee" as that term is defined by 29 U.S.C. §2611(2)(A).

14. Defendant meets the definition of an "employer" as that term is defined by 29 U.S.C. §2611(4).

15. Ms. Mester requested leave under the FMLA because she suffered from a "serious health condition", as that term is defined by 29 U.S.C. §2611(11).

16. Ms. Mester was entitled to leave pursuant to 29 U.S.C. §2612(a)(1).

17. Ms. Mester provided Defendant with notice of her need for leave pursuant to 29 U.S.C. §2612(e).

18. Defendant violated 29 U.S.C. §§2612 and 2615 when it interfered with the exercise of Ms. Mester's rights under the FMLA and retaliated against Ms. Mester for requesting FMLA leave by terminating her.

19. The conduct of Defendant was done willfully, maliciously and/or intentionally, and with reckless disregard for the rights of Ms. Mester. Additionally, Defendant lacked good faith and reasonable grounds for its conduct.

20. As a direct and proximate result of Defendant's conduct, Ms. Mester has suffered and will continue to suffer economic injuries, including but not limited to the loss of salary, benefits, and other privileges and conditions of employment, for which Defendant is liable.

## COUNT III
## Violation of Ohio Revised Code §4112.02(A) – Disability/Perceived Disability Discrimination

21. Ms. Mester reaffirms and realleges Paragraphs 1 through 20 of her Complaint as if fully rewritten herein.

22. Ms. Mester suffers from Generalized Anxiety Disorder, which substantially limits Ms. Mester in major life activities, including, but not limited to, communicating, thinking, concentrating, and working.

23. Ms. Mester is thus disabled, has a record of suffering from a substantially limiting impairment, and/or was regarded as being disabled by Defendant.

Case: 2:21-cv-01741-SDM-CMV Doc #: 1 Filed: 04/11/21 Page: 5 of 7  PAGEID #: 5

24. Defendant was aware of her disability and/or regarded Ms. Mester as being disabled.

25. Ms. Mester was qualified for the position of Senior Sales Representative and could perform the essential functions of her position with or without a reasonable accommodation.

26. Defendant, however, terminated Ms. Mester, at least in part, because of her disability and/or because Defendant perceived Ms. Mester as being disabled.

27. The conduct of Defendant was done willfully, maliciously and/or intentionally, and with reckless disregard for the rights of Ms. Mester. Additionally, Defendant lacked good faith and reasonable grounds for its conduct.

28. As a direct and proximate result of Defendant's conduct, Ms. Mester has suffered damages in an amount to be determined at trial and other reasonably anticipated results, including anxiety and emotional effects.

## COUNT IV
## Violation of Ohio Revised Code §4112.02(I) – Retaliation

29. Ms. Mester reaffirms and realleges Paragraphs 1 through 28 of her Complaint as if fully rewritten herein.

30. Defendant retaliated against Ms. Mester after she engaged in protected activity when she requested reasonable accommodation for her disability.

31. Defendant knew that Ms. Mester was exercising protected rights and thereafter took one or more adverse employment actions against her by disciplining her based on alleged work performance issues, terminating her, and/or engaging in other such conduct which would dissuade a reasonable person from engaging in protected activity.

5

32. The conduct of Defendant was done willfully, maliciously and/or intentionally, and with reckless disregard for the rights of Ms. Mester. Additionally, Defendant lacked good faith and reasonable grounds for its conduct.

33. As a direct and proximate result of Defendant's conduct, Ms. Mester has suffered damages in an amount to be determined at trial and other reasonably anticipated results, including anxiety and emotional effects.

**WHEREFORE**, Plaintiff Beverly A. Mester respectfully requests that this Court award damages to Ms. Mester and against Defendant in excess of $25,000.00, including all statutory damages; compensatory damages, back pay, and front pay; attorney fees, expenses, and costs of court; pre- and post-judgment interest; and all other relief, whether in law or in equity, which will fully and fairly compensate Plaintiff for her injuries and damages.

Respectfully submitted,

 /s/ Kami D. Brauer
KAMI D. BRAUER (#0071030)
The Law Firm of Kami D. Brauer, LLC
700 West Saint Clair Avenue, Suite 316
Cleveland, Ohio 44113
(216) 236-8537 (Telephone)
(216) 621-7810 (Facsimile)
kamibrauer@kdbrauerlaw.com


 /s/ Joshua B. Fuchs
JOSHUA B. FUCHS (#0087066)
The Fuchs Firm LLC
14717 South Woodland Road
Shaker Heights, Ohio 44120
(216) 505-7500 (Phone & Fax)
josh@fuchsfirm.com

*Counsel for Plaintiff*

## JURY DEMAND

A trial by jury is hereby demanded against Defendant on all issues that may be so tried.

                                                          */s/ Kami D. Brauer*
                                                    KAMI D. BRAUER (#0071030)

                                                    *Counsel for Plaintiff*